IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILLIP DUFFIELD, et al.,

          Plaintiffs,

v.                                                  CIVIL ACTION NO.   2:13-cv-04733

PENN LINE CORPORATION, et al.,

          Defendants.

**ORDER**

Pending before the court is the plaintiffs' Motion to Remand Case to Circuit Court of Kanawha County [Docket 5], filed March 26, 2013. This issue has been fully briefed and is now ripe for review. For the reasons stated below, the Motion to Remand is **GRANTED**.

    I.    *Background*

This case was originally filed in the Circuit Court of Kanawha County on June 6, 2011. The plaintiffs are the estate of Anthony Duffield ("Duffield") and the co-executors of his estate. The defendants are Duffield's employer, Penn Line, and Joshua Jeffrey ("Jeffrey"). Duffield was killed by electrocution on June 9, 2009, while trimming tree branches near energized power lines in the scope of his employment for the defendant Penn Line Corporation ("Penn Line"). The accident occurred in Ohio, and the plaintiffs brought suit under Ohio Rev. Code § 2745.01. That statute is a "deliberate intent" statute, allowing employees to hold employers liable for work-related injuries

1

when the employer knows of a dangerous condition and acts "with the intent to injure the plaintiff or with the belief that injury was substantially certain to occur." The plaintiffs assert that Jeffrey was Duffield's supervisor on the job where Duffield was killed, and that Jeffrey and Penn Line intentionally exposed Duffield to unsafe working conditions despite being aware that the conditions were "substantially certain" to cause injury.

The defendants removed the case to this court on July 29, 2011, arguing that diversity of citizenship existed. (*See* 2:11-cv-515). The plaintiffs are West Virginia residents, and Penn Line is a Pennsylvania corporation. However, Jeffrey is also a West Virginia resident. The defendants argued that Jeffrey was fraudulently joined as a defendant in order to defeat diversity jurisdiction and prevent the case from being removed to federal court. The defendants claimed that Jeffrey was not Duffield's supervisor, and thus could not be a defendant to the "deliberate intent" tort claim. The plaintiffs filed a Motion to Remand (*See* [Docket 9], 2:11-cv-515). On December 7, 2011, I ruled that Jeffrey was not fraudulently joined, and thus diversity of citizenship did not exist. Accordingly, I granted the Motion to Remand. The standard for finding fraudulent joinder is extremely high, and the plaintiffs only needed to show that there was "a slight possibility of a right to relief" or a "glimmer of hope" of recovery from Jeffrey to defeat removal. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 4244 (4th Cir. 1999) (internal citation omitted). At the time, I found:

> The plaintiffs have alleged in their Complaint that the defendants had "specific knowledge" of the unsafe working conditions at the job site where Mr. Duffield was killed and "nevertheless exposed Anthony Duffield to the specific unsafe working condition intentionally." (Compl. [Docket 1-1], at 3).) Additionally, the plaintiffs have filed an affidavit from Mr. Tiano stating that their investigation uncovered individuals "who have knowledge that . . . Joshua Jeffrey was a foreman on the job who possessed supervisory capacity." (Aff. William M. Tiano [Docket 9-1], at § 11.)

2

> The evidence demonstrates that there is a slight possibility of a right to relief against Mr. Jeffrey. There is at least a "glimmer of hope" that the plaintiffs can state a claim against Mr. Jeffrey in state court when the facts are viewed in the light most favorable to the plaintiffs. Thus, the court **FINDS** that the defendants have not met the heavy burden required to establish that Mr. Jeffrey was fraudulently joined and removal was proper. Accordingly, the plaintiffs' Motion to Remand the Case to the Circuit Court of Kanawha County, West Virginia is **GRANTED**.

(Memorandum Opinion & Order [Docket 18], 2:11-cv-515, at 4-5).

After I remanded the case to state court, the parties engaged in extensive discovery. According to the defendants, discovery has made it clear that the "glimmer of hope" that a case could be made against Jeffrey has been completely extinguished. The defendants claim that no deposition testimony states that Jeffrey was Duffield's supervisor, and in fact, there is evidence that Duffield was actually Jeffrey's supervisor. In light of these findings, the defendants again removed this case to this court on March 8, 2013, arguing that Jeffrey was fraudulently joined and that diversity jurisdiction exists. The plaintiffs have filed a Motion to Remand [Docket 5], which is now ripe for review.

*II. Analysis*

The parties focus mostly on arguing whether Jeffrey was fraudulently joined to prevent removal. The defendants make a strong argument that there is no longer a "glimmer of hope" that the plaintiffs can recover from Jeffrey under the employer intentional tort statute. Nevertheless, the defendants' latest attempt to remove the case to federal court comes more than a year after the lawsuit was filed in state court, and the case must be remanded.

Prior to January 2012, 28 U.S.C. § 1446(b) acted as an "absolute bar" to removal of diversity-based cases after one year had passed since the case commenced. *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997). However, the Federal Courts Jurisdiction and Venue

Clarification Act of 2011, Pub. L. No. 112-63, § 1, 125 Stat. 758 (2011) (the "2011 Act") amended § 1446.[1] "Under the current version of § 1446, which became effective on January 8, 2012, there is an exception to the one-year bar to removal in cases where a district court determines that the plaintiff acted in bad faith to prevent a defendant from removing the case. *See* 28 U.S.C. § 1446(c)(1)." *Bowles v. Massey Energy Co.*, 2012 WL 6628953, *9 n.3 (S.D. W. Va. Dec. 19, 2012) (Johnston, J.); *Belcher v. Flagstar Bank, F.S.B.*, 2012 WL 6195541, *2 n.1 (S.D. W. Va. Dec. 12, 2012) (Johnston, J.).

The defendants in this case argue that bad faith was present and removal should be permitted. The defendants take it for granted in their Response to the Motion to Remand [Docket 7] that the changes made to removal by the 2011 Act were "merely procedural," and thus the retroactive application of the amendment to cases filed before its passage "does not violate law." (*See* Response [Docket 7], at 11-12). However, the Fourth Circuit has yet to rule that the changes were "procedural," and at any rate, the parties all ignore that the 2011 Act plainly states that the amendment to § 1446 does not apply retroactively. "Section 105 of the 2011 Act expressly states that the amendment 'shall apply to any action or prosecution commenced on or after' the effective date of the amendments.'" *Bowles*, at *9 n.3; *Belcher*, at *2 n.1 (quoting 2011 Act, Pub. L. No. 112-63, § 105).

The 2011 Act became effective on January 8, 2012. This case was filed in the Circuit Court of Kanawha County on June 6, 2011. Thus, the pre-amendment version of 28 U.S.C. § 1446 governs removal matters in this case. Prior to the 2011 Act, the Fourth Circuit observed that "[§ 1446 ] explicitly safeguards against [strategic delays] by erecting an absolute bar to removal of

---

[1] Prior to the 2011 Act, the one-year bar to removal was found in § 1446(b). It is now codified in § 1446(c).

4

cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.'" *Lovern*, 121 F.3d, at 163 (quoting 28 U.S.C. § 1446(b)). "This bar creates, we believe, a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction, including the citizenship of the plaintiff and the amount in controversy." *Id*.

The Fourth Circuit has clearly held that, prior to the 2011 Act, cases could not be removed more than a year after filing. Thus, defendants are required to promptly gather the facts needed to make their argument that a party has been fraudulently joined to defeat diversity jurisdiction. After I remanded this case the first time, the defendants had six months to depose witnesses and renew their claim that a case could not be made against Jeffrey as a supervisor. The defendants missed the one-year deadline by over nine months. Removal is therefore improper under the applicable version of § 1446, and the Motion to Remand is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE